## TRUSSELL MFG. CO. v. GETTLER.

District Court, S. D. New York.
July 13, 1943.

Philip S. McLean, of New York City (Luther W. Hawley, of New York City, of counsel), for plaintiff.

Edward Thomas, of New York City, for defendant.

COXE, District Judge.

This is an action for alleged infringement of two machine patents owned by the plaintiff. The first of these patents is the Trussell patent, No. 2,114,259, issued April 12, 1938, covering a punching machine for perforating the sheets of a loose leaf binder. The second patent is the Cruzan patent, No. 2,238,680, issued April 15, 1941, covering various improvements in the machine of the earlier Trussell patent.

The plaintiff is a manufacturer of wire book bindings and machinery relating thereto. These wire bindings are known to the trade as Wire O bindings, and are used to bind the loose sheets of a loose leaf binder without the aid of glue or stitching.

The defendant operates a book binding establishment in New York City, in which the alleged infringing machine is used. This machine was built specially for the defendant by one McCarthy, a machinist who was formerly in the employ of the plaintiff, and who had charge of the manufacture in the plaintiff's plant of the first Cruzan machine.

The Trussell patent has twenty-four claims, and eighteen are in issue, namely, Nos. 2, 3, 4, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24. The Cruzan patent has sixteen claims and all are in issue.

The defendant has by stipulation admitted that the alleged infringing machine is in all essential respects identical with the machine of the Cruzan patent. The defense of non-infringement may, therefore, be disregarded insofar as the Cruzan patent is

concerned. Another defense alleging improper use of the patents was held not to have been substantiated at the conclusion of the trial, and needs no further consideration. The remaining defenses are that both patents are invalid for lack of invention, and that the Cruzan patent is invalid because of prior public use.

The specification of the Trussell patent states that the invention "relates to power punches generally, but more particularly to punches such as are employed for perforating the sheets used in loose leaf binders". It is also stated that work of this kind requires a special degree of accuracy to assure proper alignment of the sheets. The principal objects mentioned are "to provide a punch of relatively simple and inexpensive construction, which will automatically and accurately gage and punch the sheets and which will have a high production rate and can be economically operated".

The Trussell machine has three movable gages, two side gages and one back gage, each mounted on a slide working in a groove in the upper side of a horizontal table. These gages are adjustable, and have projecting flanges to guide and hold the sheets in place. They are opened by the action of a cam located on the main driving shaft, which operates through a series of levers and a chain; they are closed by means of coiled springs underneath the table. The punching mechanism is powered by the same shaft which opens the gages, and has a somewhat conventional arrangement with a cam, a rocker arm and a ram.

In the operation of the machine, the sheets in a loose, disordered state are first placed by hand on the table between the open gages, where they are lined up and arranged in a straight stack by the closing of the gages. This stack is then automatically advanced to a position of register under the punch, where it is held until the punch head comes down, after which the gages open to permit the perforated sheets to be removed and a new set of loose sheets to be placed in position for punching. The machine is fully automatic, but may be operated as a simple hand-fed punch. This is made possible because the gages are open by the action of the cam, and closed by the springs, thus permitting the operator to pull the gages beyond the reach of the opening cam and to secure them in that position. The timing of the whole mechanism is accurately controlled so that the different operations proceed smoothly and in proper sequence.

The Trussell claims are too numerous for separate analysis, and it will be sufficient merely to refer generally to Claim 24, which is fairly typical of the others. This claim is detailed, and covers substantially all of the essential parts of the machine for automatically feeding and registering a loose stack of sheets and for punching the stack when registered in accurately aligned position.

The Cruzan patent shows a number of improvements in the earlier Trussell machine designed to simplify and improve the mechanism and to increase the efficiency of the machine. Instead of the complicated system of levers and a chain comprising the driving mechanism for the gages of the Trussell machine, Cruzan has substituted a common oscillating actuator to which the three movable side and back gages are linked, and which is actuated by a cam on the main driving shaft of the machine. The spring arrangement has been altered to eliminate backlash. There are also some other minor changes, such as the addition of a foot-pedal clutch to stop and start the machine, and a variable speed drive to enable the operator to vary the speed during the operation of the machine.

Claim 5 of the Cruzan patent is typical, and incorporates all of the essential parts of the mechanism, including the oscillating actuator.

The prior art shows no single machine which lines up and arranges a number of loose, disordered sheets in a straight stack and then automatically feeds the stack to a position of register under the punch. The nearest reference is the Holland machine, which is merely a hand-fed single stroke punch having a fixed front gage and a fixed side gage, against which the sheets are placed by hand, and held in place by hand, while the punch head is coming down. This Holland machine is somewhat similar to the punching part of the Trussell and Cruzan machines but it has none of the registering and feeding mechanism. The other references consist of four patents relating to sheet joggers, namely, Willats, 2,060,270 (1936); Korff, 1,008,651 (1911); Kelly, 1,741,848 (1929); and Howard, 1,-773,457 (1930). These sheet joggers ordinarily have movable sides which open and close with regular reciprocating movement to take sheets one at a time from a print-

ing press and to arrange them in a vertical pile. In the Korff patent the joggers are moved in the closing direction by a cam and in the opposite direction by the weight of a bar. In the Kelly patent the joggers are closed by a cam and opened by a spring.

The question then is whether the Trussell and Cruzan machines constituted invention. Clearly, there was nothing new in the punch itself; this is shown with a slightly different mechanism in the Holland machine. But Trussell and Cruzan added an important feature not found in the prior art, namely, the movable gages which automatically line up and arrange the loose sheets in a straight stack and then move the stack to a position of register for punching and release. The sheet joggers of the prior art have little in common with these gages; they merely have a back and forth reciprocating movement, and are incapable of accurately lining up and arranging the loose sheets in a straight stack and then feeding the stack to the punch heads. Even with the knowledge of these jogger patents, I think it required more than mechanical skill to produce the machines of the Trussell and Cruzan patents.

It remains to consider whether the Cruzan patent is invalid because of prior public use. The application was filed on November 29, 1940, so that public use prior to November 29, 1939, would invalidate the patent (35 U.S.C.A. § 69). The first Cruzan machine was built by the plaintiff and shipped to Wire-O Binding Company in New York City on September 7, 1939, to be tried out in commercial operation. Wire-O Binding Company is a licensee of the plaintiff, and the evidence is clear that the machine was sent to that company for purely experimental purposes. It has been stipulated that the machine was run in the bindery of Wire-O Binding Company under practical working conditions before the end of September, 1939. The plaintiff had no facilities for trying out the machine in its own plant, and during the time it remained in the bindery changes were made, which were later incorporated in the patent application. Under these circumstances, I do not think that the operation of the machine was anything but experimental. The cases of Eastman v. Mayor, etc., of City of New York, 2 Cir., 134 F. 844, and W-R Co. v. Sova, 6 Cir., 106 F.2d 478, cited by the defendant, are plainly distinguishable on the facts.

There may be a decree holding Claim 24 of the Trussell patent No. 2,114,259, and Claim 5 of the Cruzan patent No. 2,238,-680, valid and infringed, and directing the issuance of an injunction and an accounting, with costs to the plaintiff.